UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-79-141 |
| | § | |
| FORREST A. JENKINS | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO EXPUNGE CONVICTION

On November 7, 1979, defendant Jenkins was convicted on his plea of nolo contendere to the felony offense of misapplication of C.E.T.A. funds in excess of $100 in violation of Title 18, United States Code, Section 665(a) (Judgment and Sentence). Imposition of his sentence was suspended for a period of three years while the defendant served three years of probation (*Id.*). No appeal was filed. On June 23, 1982, the defendant was successfully discharged from probation (Discharge Order).

On October 26, 2007, defendant Jenkins wrote to the court requesting that the record of his conviction be expunged. Defendant states he has been in no trouble since 1979, and he has six children and six grandchildren. The Clerk is directed to and docket the letter as a motion to expunge his conviction.

However appealing it might be to grant the defendant's request, he has not cited any statutory or case authority permitting the entry of such an order.[1] In the Fifth Circuit, the district court lacks the authority to order that the official records of a valid

---

[1] Congress has approved an expungement procedure for first time convictions of simple possession of a controlled substance, but this procedure has not been expanded to include other types of convictions. *See* 18 U.S.C. § 3607.

conviction be rewritten. *United States v. Scott*, 793 F.2d 117 (5th Cir. 1986). *See also*, *United States v. Meyer*, 439 F.3d 855, 861 (8th Cir. 2006) (district court does not have subject-matter jurisdiction over a motion to expunge criminal records of a valid conviction absent constitutional or statutory authority); *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004) (district court lacked jurisdiction to consider a motion to expunge records of a valid conviction on equitable grounds, insofar as defendant had not obtained a judgment vacating or otherwise setting aside conviction).

Accordingly, defendant's motion to expunge his criminal conviction is DENIED.

ORDERED December 18, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE